UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KAROL SHADOWVINE BOGLE,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Case No. 2:22-cv-01593-TLF<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E) |
|---|---|

This matter comes before the Court on plaintiff's motion to amend the judgment under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 59(e). For the reasons set forth below, that motion is denied.

## BACKGROUND

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits (DIB) which was denied upon initial application and reconsideration. Administrative Record ("AR") 70-71, 88-89, 86, 105. In 2022, Administrative Law Judge ("ALJ") David Johnson held a hearing on plaintiff's application. Relying on the testimony of a Vocational Expert ("VE") the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform work that "existed in substantial numbers in the national economy" during the relevant time period. AR 762. The ALJ issued a decision finding plaintiff not disabled between the alleged onset date through her date last insured. ALJ 728-68.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
JUDGMENT UNDER FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 1

Plaintiff sought judicial review of the ALJ's decision. In relevant part, plaintiff argued that the ALJ erred in basing his findings on unreliable VE testimony. Dkt. 16 at 3-9. To support this assertion, she argued that the VE's explanation of his methodology was insufficient and that the ALJ's failure to consider her competing job data was improper. *Id*. This Court affirmed the ALJ's decision and dismissed the case, concluding that the ALJ properly determined plaintiff to not be disabled. Dkt. 21 at 17.

Plaintiff now seeks reconsideration to alter, amend, or vacate the judgment under FRCP Rule 59(e).

## STANDARD OF REVIEW

Motions to alter, amend, or vacate a judgment—also known as motions for reconsideration—are disfavored. Local Rules W.D. Wash. LCR 7(h)(1). District Courts have considerable discretion when considering motions for reconsideration under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1254 n. 1 (9th Cir.1999). Amending a judgment, however, is "an extraordinary remedy which should be used sparingly." *McDowell*, 197 F.3d at 1255 n.1.

A Rule 59(e) motion should not merely reiterate prior assertions already raised before the Court. *See Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n.5 (2008) (Motions under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"). With this limitation in mind, a motion for reconsideration under Rule 59(e) may only be granted when: (1) it is necessary to correct manifest errors of law or fact, (2) the moving party presents new evidence, (3) the motion is necessary to prevent

"manifest injustice," or (4) there has been an intervening change in the controlling law. *Hiken v. DOD*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)) (internal quotations and emphasis omitted).

In her motion for reconsideration, plaintiff asserts that the controlling law in this case has been updated since her first briefing. She also argues that this court committed clear error by overlooking her argument that the ALJ's decision was not based on substantial evidence. Underlying her updated legal authority and clear error claims, she argues that (1) the VE's job number methodology was neither sufficiently explained by the VE nor probed by the ALJ and (2) the ALJ incorrectly declined to consider her competing job data as significant probative evidence.

## DISCUSSION

A.  Whether there has been an intervening change in the controlling law

Plaintiff argues that reconsideration is proper because the controlling law has changed since her case was briefed. Dkt. 23 at 4. To support this argument, plaintiff cites *Case v. Kijakazi*, a Seventh Circuit opinion. *Id.*; *Case v. Kijakazi*, No. 22-2379, 2023 WL 4882880 (7th Cir. Aug. 1, 2023). Plaintiff uses *Case* to assert that an ALJ must significantly probe a VE's job data methodology if that methodology is challenged by the plaintiff. Dkt. 23 at 4-5.

A decision from the Seventh Circuit is not binding precedent in the Western District of Washington. *See Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are

bound to follow it… as binding authority."). Even if Seventh Circuit decisions were binding on this court, *Case* still does not support plaintiff's assertion.

At plaintiff's hearing, the ALJ questioned the VE about his familiarity with the Dictionary of Occupational Titles (DOT) and the Social Security Administration's exertional and skill definitions. AR at 1527-28. The ALJ also asked the VE if there was any conflict between his testimony and the DOT, and the VE responded that there was no conflict. AR at 1530-31.

Finally, the ALJ asked the basis for any testimony given by the VE beyond that which is explicitly provided in the DOT. *Id*. The VE responded that he relies on his forty-three years of job experience to provide additional detail. *Id*. Plaintiff's counsel then questioned the VE's job data methodology—specifically, his use of a "crosswalk" published by U.S. Publishing that connects a specific job code, provided by the DOT, to an estimate of available jobs for that code in the national economy. AR at 1531-1544. The VE stated that he was not familiar with U.S. Publishing's methodology. AR at 1543. Upon repetitive questioning from plaintiff's counsel, the ALJ stated that continued questioning would not "elucidate any new information" about U.S. Publishing's methodology. AR at 1544.

In *Case*, the plaintiff challenged an ALJ's decision, arguing that the VE's testimony was insufficient. The plaintiff pressed a VE to explain the methodology used in SkillTRAN, a publication of job data that the VE relied on. *Case*, 2023 WL 4882880 at *1-2. The VE was unable to explain the publication's methodology, and when questioned by the ALJ, explained that he used SkillTRAN in combination with his experience and personal observations. *Id*. The Seventh Circuit held that the VE's

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
JUDGMENT UNDER FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 4

explanation of his methodology was sufficient to establish substantial evidence of jobs in the national economy. *Id*. at *3-4. Further, it found that the ALJ's questioning of the VE was satisfactory, and that the burden did not shift to the plaintiff. *Id*. at *4.

Plaintiff argues that under *Case*, an ALJ must question the expert's methodology to determine if it has a reliable basis. She argues that the ALJ in her case could not determine that the VE's methodology was reliable because he did not ask enough questions. Dkt. 23 at 4. However, the questioning by plaintiff's counsel at the hearing elicited the same information as the questioning in *Case*. As in *Case*, the VE at plaintiff's hearing was questioned by the ALJ regarding his methodology. AR at 1530-31. He testified that he relied on a publication of job data (here, U.S. Publishing) and his personal experience to establish job numbers. *Id*. Like the VE in *Case* who could not explain the methodology of SkillTRAN, the VE here could not explain the underlying methodology of U.S. Publishing when pressed by plaintiff's counsel. AR at 1543-1544. The VE's explanation met the substantial evidence standard in *Case*. Therefore, the VE's testimony in plaintiff's case also meets this standard.

B.  Whether the VE's testimony was sufficient to support the ALJ's decision

Plaintiff asserts that the ALJ's decision was not supported by substantial evidence because (1) the VE failed to adequately explain his methodology, and (2) the ALJ declined to question the expert's methodology. This argument was previously made in plaintiff's original briefing, and raising it again is inappropriate in a motion for reconsideration. Nonetheless, as explained above, the VE's explanation of his methodology is sufficient under the substantial evidence standard. Ninth Circuit and Supreme Court precedent affirms this finding. *See Shaibi v. Saul*, No. 1:18-CV-00056-

BAM, 2019 WL 3530388, at *6 (E.D. Cal. Aug. 2, 2019), aff'd, 837 F. App'x 531 (9th Cir. 2021) (rejecting challenge to VE testimony when VE utilized his professional experience and U.S. Publishing for his job numbers but could not answer questions about U.S. publishing methodology). *See also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157(2019) ("and even without significant testing [of a VE's methodology], a factfinder may conclude that testimony has sufficient indicia of reliability to support a conclusion about whether an applicant could find work.").

Ultimately, the VE's inability to explain the underlying methodology used by U.S. Publishing does not discount the reliability of his testimony, especially when combined with his decades of professional experience.

C.  Whether the ALJ erred in not considering plaintiff's competing job data

Finally, plaintiff asserts that the ALJ incorrectly declined to consider her competing job data as significant probative evidence. Dkt. 23 at 10-12. Because the ALJ made his decision without plaintiff's alternative data, plaintiff contends that this court committed clear error in affirming the ALJ's decision. Plaintiff merely reiterated her argument from her original briefing; nonetheless, it fails on its merits.

At her hearing, plaintiff presented specific vocational preparation (SVP) levels that differed from the levels presented by the VE. AR at 1534-1543. Plaintiff attempted to show that the SVP levels which correlated to the jobs given by the VE are much higher than the VE claimed. *Id*. If plaintiff's SVP levels were correct, they would likely preclude plaintiff from a large quantity of jobs, affecting the VE's job number analysis.

An ALJ must consider significant probative evidence. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193-94 (9th Cir. 2022). This standard applies when an ALJ is presented

with job data that conflicts with a VE's testimony. *Id*. A plaintiff's alternative job data may count as significant probative evidence when it is created using the same methodology or source as the VE and is formulated and presented by a competent expert. *Id*.

Plaintiff's competing job data is not significant probative evidence. First, the data was not created using the same methodology or source as the VE's data. Instead of using U.S. Publishing, plaintiff used an alternative program, SkillTRAN, and provided web pages from O*NET and results from the Occupational Research Survey. AR at 1114-37. Second, plaintiff did not present evidence from a competent expert; plaintiff's counsel is not qualified to interpret SVPs or other job data in the same manner as a VE. Given these factors, plaintiff's competing job data is not significant probative evidence that the ALJ was required to consider, and this court did not commit clear error in affirming the ALJ's decision.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to alter or amend the judgment is DENIED.

Dated this 31st day of October, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E) - 7